AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona


SEALED

| | |
|---|---|
| In the matter of the search of the residence at 13616 N. 43rd St., Apt. 190, Phoenix, AZ 85032, more particularly described in Attachment A. | Case No. 25-5511 MB<br><br>(Filed Under Seal) |

## ELECTRONIC SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before 12/3/25 *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: Nov. 19 2025  2:08 p.m.     _Deborah Fine_
                                                  *Judge's signature*

City and state: Phoenix, Arizona              Honorable Deborah M. Fine, U.S. Magistrate Judge
                                              *Printed name and title*

## ATTACHMENT A – Residence

## DESCRIPTION OF PREMISES TO BE SEARCHED

The place to be searched is 13616 N 43rd St Apt 190 Phoenix, AZ 85032 ("**PREMISES**"). The **PREMISES** is an apartment on the bottom floor of a two-story apartment complex known as "The Bella". Just to the left of the door is the number 190 inside of a diamond[1].

 

---

[1] The number 191 is directly above 190. However, the diamond for 191 is justified slightly to the left and 190 is justified right indicating apartment 190 is on the right.

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

The following items, which constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 U.S.C. § 2422(b), attempted enticement, persuasion, or inducement of a minor to engage in an illegal sexual activity by means of interstate commerce.

a. Credit / Debit cards which could have been used to purchase travel arrangements;

b. Computers, cellular telephones, tablets, and other media storage devices in the property or on Yang's person such as USB drives, CDs, DVDs, Blu Ray disks, memory cards, and SIM cards (hereafter "electronic storage media");

c. Records evidencing ownership or use of electronic storage media including sales receipts, registration records, and records of payments;

d. Any records and information found within the digital contents of any electronic storage media seized from Yang's residence and Yang's person including communications between Yang and minors or purported minors which involve sexually explicit conversations and/or pictures or video files of adult or child pornography;

e. Evidence of who used, owned, or controlled the devices between July 2025 through October 23, 2025, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat communications, instant messaging logs, photographs, and correspondence;

 f. Evidence of software that would allow others to control the devices such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

 g. Evidence of the lack of malicious software;

 h. Evidence indicating how and when the devices were accessed or used to determine the chronological context of access, use, and events relating to the crimes under investigation;

 i. Any and all communications between Yang and any minors, or parents / guardians, or purported parents or guardians, of minors, or other adults who have access to minors, including via email, text message, SMS message, MMS message, a messaging service, or messages sent within a website or application;

 j. Any and all records related to Yang's use of Kik, other websites, social media platforms, or applications as related to minors, including all conversations with minors and all conversations with adults regarding or relating to minors;

 k. Any and all communications between Yang and any other person via email, text message, SMS message, MMS message, or a messaging service within a specific application or website, where such communications involve discussions related to meeting the other user in person to engage in sexual activity;

 l. Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by Yang by use of the devices or by other means for the purpose of discussing or arranging sexual activity with minors;

 j. Any information recording schedule or travel;

 k. Evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to the crime under investigation and to the electronic storage media user;

 m. Evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

 n. Evidence of counter-forensic programs and associated data that are designed to eliminate data from the electronic storage media;

 o. Passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

 p. Documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

 q. Records of or information about Internet Protocol addresses used by the electronic storage media;

 r. Contextual information necessary to understand the evidence described in this attachment.

 As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls, names, telephone numbers, usernames, or other identifiers saved in address books, contact lists, and other directories, text messages and other stored communications; subscriber and devices information; voicemails or other audio recordings; videos; photographs; emails; internet browsing history;

calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

This warrant authorizes a review of records and information seized, copied, or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, HSI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |// 
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                  _____
                                                  *Executing officer's signature*

                                                _____
                                                     *Printed name and title*